**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BOBBY R. GREEN,
ADC # 95057                                                                                        PLAINTIFF

V.                                        5:04CV00247 GH/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge George

Howard, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include a "Statement of Necessity" that sets forth

the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was incarcerated at the Cummins Unit and the Varner Super Max Unit ("VSM"). *See* docket entry #2. Defendants have filed a Motion to Dismiss and a Supporting Brief, to which Plaintiff has filed a Response. *See* docket entries #6, #7, and #20. For the reasons set forth herein, the Court recommends that the Motion be granted, and that this entire § 1983 action be dismissed, without prejudice.

## II. Background

On August 23, 2001, Plaintiff and another inmate escaped from the Cummins Unit. *Green v. State*, 118 S.W.3d 563 (Ark. 2003). Plaintiff was subsequently apprehended, convicted of first-

degree escape, and several other felonies,[1] and sentenced to life plus 110 years in state prison.  *Id.*

In this § 1983 action, Plaintiff alleges that, on August 27, 2001, a prison committee found that he posed a security risk justifying his transfer to VSM, which is the most secure unit within the ADC.  *See* docket entry #1.  Plaintiff contends that when he arrived at VSM, all of his personal property, with the exception of his shower shoes and legal papers, was seized and destroyed.  *Id.* Plaintiff further contends that, on August 30, 2001, he was wrongfully convicted of prison disciplinary infractions for several violations connected to his August 23, 2001 escape.  *Id.*  As a result of that conviction, Plaintiff lost all of his earned good time credits, was reduced in class, and placed in punitive isolation for thirty days.  *Id.; see also* docket entry #6, Exhibit 1.

Based on these factual allegations, Plaintiff alleges that his:  (1) Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment due process/property rights were violated when Defendants seized and destroyed his personal property upon arriving at VSM;   (2) Fifth Amendment right to be free from double jeopardy was violated when Defendants used the August 23, 2001 escape as a basis for the August 27, 2001 transfer to VSM and the August 30, 2001 disciplinary conviction; (3) Fifth Amendment right not to incriminate himself was violated when Defendants questioned him during the August 30, 2001 disciplinary hearing after he had invoked his right to remain silent; (4) Fifth and Fourteenth Amendment due process rights were violated when Defendants found him guilty of several disciplinary infractions that were not supported by substantial evidence; (5) Fourteenth Amendment procedural due process rights were violated when Defendants failed to give him twenty-four hours notice prior to the disciplinary

---

[1] Specifically, Plaintiff was also convicted of four counts of aggravated robbery, three counts of theft of property, three counts of kidnaping, and one count of being a felon in possession of a firearm.  *Green v. State*, 118 S.W.3d 563 (Ark. 2003)

hearing; and (6) Fourteenth Amendment procedural due process rights were violated when Defendants failed to give him written findings justifying their disciplinary decision. *Id.* By way of relief, Plaintiff requests a declaratory judgment, the restoration of his good time credits, expungement of his August 30, 2001 disciplinary conviction, and monetary damages. *Id.*

### III. Discussion

In their Motion to Dismiss and Supporting Brief, Defendants argue that this action must be dismissed,[2] in its entirety, because Plaintiff failed to: (1) exhaust his administrative remedies as to each of his six claims; and (2) state a claim upon which relief can be granted. *See* docket entries #6 and #7. Because the Court concludes that Defendants' first argument has merit, it need not address the merits of their alternative arguments for dismissal.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved. *Porter v. Nussle*, 534 U.S. 516 (2002). Importantly, the Eighth Circuit has

---

[2] The Court is mindful that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

clarified that § 1997e(a) requires inmates to:  (1) complete the exhaustion process <u>prior</u> to filing a complaint in federal court; and (2) fully exhaust their administrative remedies as to <u>each</u> <u>separate</u> claim raised in the complaint.  *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

**A.    Claim 1 Regarding Seizure and Destruction of Personal Property**

To fully exhaust administrative remedies in regard to the <u>conditions of confinement</u>, an inmate must:  (1) file a grievance; (2) appeal the denial of that grievance to the Warden; and (3) appeal the Warden's decision to the ADC Deputy/Assistant Director.  *See* ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).  Plaintiff has failed to come forward with <u>any</u> evidence demonstrating that he filed a grievance or subsequent appeals contesting the alleged unconstitutional seizure and destruction of his personal property at the VSM.  Accordingly, the Court concludes that Plaintiff has failed to properly and fully exhaust his administrative remedies in regard to claim 1.

**B.    Claims 2 through 6 Regarding the August 30, 2001 Disciplinary Conviction**

To fully exhaust administrative remedies in regard to a <u>disciplinary conviction</u>, an inmate must appeal a disciplinary conviction to: (1) the Unit Warden; (2) the ADC Disciplinary Hearing Administrator; and (2) the ADC Director.  *See* ADC Adm. Reg. 831  § VI(H) (May 18, 1990)

Plaintiff has presented the Court with documentation demonstrating that he appealed his August 30, 2001 disciplinary conviction (which is the basis for claims 2 through 6) through the level of the ADC Director.  *See* docket entry #1, attachments.  Although the Eighth Circuit has not rendered a definitive ruling on the matter, it has indicated that an inmate must fully exhaust the administrative process as to <u>each defendant</u> named in an action.  *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (acknowledging, *in dicta*, that an inmate must file "a proper grievance against

all defendants"); *Love v. May*, Case No. 02-3838, 63 Fed. Appx. 282 (8th Cir. May 21, 2003) (unpublished opinion) (affirming the dismissal of a § 1983 action because the inmate did not file grievances against three of the eight ADC defendants); *Coleman v. Kemna*, Case No. 03-2011, 83 Fed. Appx. 140 (8th Cir. Dec. 12, 2003) (unpublished opinion) (affirming the dismissal of a § 1983 action because the inmate did not file a grievance against one of the six named defendants); *Nelson v. McCarrell;* Case No. 01-2981, 21 Fed. Appx. 539 (8th Cir. Nov. 2, 2001) (unpublished opinion) (affirming the dismissal of a § 1983 action because the inmate did not file grievances against three of the four named defendants).

In his disciplinary appeals, Plaintiff alleges that: (1) Defendants Lieutenant Ronald Adams and Cummins Warden M. D. Reed, conspired to falsely charge Plaintiff with the disciplinary infractions;[3] (2) Defendant Disciplinary Officer John Blankenship committed several substantive and procedural violations when he found Plaintiff guilty of the disciplinary charges; and (3) Defendants Reed, Disciplinary Hearing Administrator Robert Clark, and ADC Director Larry Norris erroneously affirmed Plaintiff's disciplinary conviction. *See* docket entry #1, attachment. However, Plaintiff did <u>not</u> contend in his disciplinary appeals, as he does in this § 1983 action, that Defendant Correctional Officer Hubert Seahorn conspired with Defendants Adams and Reed to have him falsely charged with the disciplinary convictions. *Id.* Thus, Plaintiff has also failed to demonstrate that he properly exhausted his administrative remedies as to each Defendant named in this action in regard to claims 2 through 6.[4]

---

[3]  The Court has construed this allegation as a challenge to the sufficiency of the evidence used to convict Plaintiff of the disciplinary infractions.

[4]  Plaintiff appears to have named Defendants VSM Warden Rick Toney and ADC Deputy Assistant Director Ray Hobbs in connection with their alleged involvement with the seizure and

## IV. Conclusion

The Court concludes that Plaintiff has failed to exhaust his administrative remedies as to each claim and each defendant.  As previously mentioned, the Eighth Circuit has not, at this time, clearly ruled as to whether exhaustion is required as to each defendant. However, it has unequivocally held that the entire § 1983 action must be dismissed, without prejudice, if a prisoner fails to properly and fully exhaust his administrative remedies as to each and every claim.  *See Graves*, 218 F.3d at 885.

IT IS THEREFORE RECOMMEND THAT:

1.      Defendants' Motion to Dismiss (docket entry #6) be GRANTED, and this § 1983 action be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to fully and properly exhaust his administrative remedies.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[5] that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 29th day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

destruction of his personal property at the VSM.  *See* docket entry #1.  However, as previously mentioned, Plaintiff has not presented any evidence of exhaustion as to that claim and/or those two Defendants.

[5] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."